IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CT-03248-M-RJ

| | |
|---|---|
| LEON H. APRIL, Jr., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) **ORDER** |
| CUMBERLAND COUNTY SHERIFF'S DEPARTMENT, et al., | ) ) ) ) |
| Defendants. | ) |

On October 15, 2024, Leon H. April, Jr. ("plaintiff"), then a pretrial detainee in Fulton County, Georgia, filed *pro se* a complaint under 42 U.S.C. § 1983. See Compl. [D.E. 1].

The court first DENIES AS PREMATURE plaintiff's pending motions seeking production of evidence, Mot. [D.E. 8]; Mot. [D.E. 9].

Next, the court summarily GRANTS plaintiff's pending motion to amend his complaint, Mot. [D.E. 16]. See Fed. R. Civ. P. 15(a). Plaintiff's complaint, however, is lengthy, often illegible, and difficult to understand. Thus, the court DIRECTS plaintiff to file one amended complaint that complies with Federal Rule of Civil Procedure 8, see Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). In his amended complaint, plaintiff should state precisely whom he seeks to name as defendants, connect defendants with the conduct that resulted in the alleged constitutional violations, and avoid unnecessary details. Plaintiff should briefly mention specific events and correlating dates which are the basis for suit. Any amended complaint must be legible, will be subject to initial review, see 28 U.S.C. §§ 1915(e)(2)(B), and severance of claims, if necessary, see Fed. R. Civ. P. 18(a),

20(a)(2), and will be considered the complaint in its entirety as the court will not review plaintiff's earlier filings to discern misplaced claims.

Finally, although the court granted plaintiff's motion to proceed without prepayment of fees (short form), see Mot. [D.E. 2], Order [D.E. 12], his filings indicate he was released from custody while initial review was pending, see [D.E. 17]. The Clerk's Office has confirmed that, as of May 1, 2025, the court has received only an initial fee of $3.00 toward the total $350.00 filing fee in this action. Thus, plaintiff now may pay the $347.00 balance or file the application to proceed in the district court without prepaying fees or costs (long form). See Hodges v. Meletis, 109 F.4th 252, 258 (4th Cir. 2024) (finding a district court "should 'allow[ ] a released prisoner to apply to proceed under the general' [in forma pauperis] IFP provision rather than the prisoner IFP provision." (quoting DeBlasio v. Gilmore, 315 F.3d 396, 399 (4th Cir. 2003)); see also Ratliff v. Foster, No. CV 5:20-00097, 2022 WL 17420401, at *1 (S.D.W. Va. Sept. 29, 2022), report and recommendation adopted, No. 5:20-CV-00097, 2022 WL 17416767 (S.D.W. Va. Dec. 5, 2022).

In sum, the court: DENIES as premature the motions to produce evidence [D.E. 8, 9]; GRANTS the motion to amend [D.E. 16]; DIRECTS the clerk to send plaintiff the forms for filing an amended complaint and an application to proceed in the district court without prepaying fees or costs (long form); DIRECTS plaintiff to file one amended complaint, as set forth above, and to either file the "long form," or pay the filing fee balance, not later than twenty-one (21) days from the date of this order; and WARNS plaintiff that the court will dismiss this action without prejudice for failure to prosecute if he fails to comply with this order within the time permitted.

SO ORDERED this 2d day of May, 2025.

*Richard E Myers II*
RICHARD E. MYERS II
Chief United States District Judge